IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., ) | C/A No. 6:25-cv-03974-TMC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Donald C. Coggins, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, while incarcerated in the Greenville County Detention Center ("the Detention Center"), proceeding *pro se* and *in forma pauperis*, filed this action alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on May 12, 2025 (doc. 1). Upon review of the plaintiff's complaint, the undersigned recommends it be summarily dismissed.

## **ALLEGATIONS**

The plaintiff filed this action seeking money damages and injunctive relief from the defendant, the Honorable Donald C. Coggins, Jr., United States District Judge (doc. 1). The plaintiff seeks relief against Judge Coggins because he has appealed rulings by Judge Coggins to the Fourth Circuit Court of Appeals and because Judge Coggins has identified some of the plaintiff's cases as closed even though they are on appeal (*id*. at 1). He further contends that Judge Coggins has perjured himself and violated the plaintiff's rights in denying the plaintiff's claims (*id*. at 1, 2).

The plaintiff contends that Judge Coggins is not allowed to violate the law because Judges have been arrested recently (*id*. at 2). Because Judge Coggins is just an "umpire," he is unable to continue as an officer of the court (*id*.). The plaintiff also asserts that Judge Coggins should "start a search for a new career just in case he isn't arrested per my statement" (*id*.). For relief, the plaintiff seeks money damages and to have all deadlines in his cases tolled because he is incarcerated in the "Greenville County Concentration Camp" (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action seeking damages and injunctive relief from Judge Coggins. However, as set forth in more detail below, the instant action is subject to summary dismissal because Judge Coggins has judicial immunity. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was

unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of their authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). The plaintiff's allegations in this action all involve Judge Coggins' role as presiding judge in civil cases filed by the plaintiff in this court (*see* doc. 1). As such, judicial immunity squarely applies and the plaintiff's § 1983 claims against Judge Coggins should be dismissed. Further, the plaintiff's allegations are clearly frivolous. Indeed, the plaintiff, who has quickly become a prolific vexatious filer in this Court by filing duplicative and frivolous matters is subject to prefiling restrictions based on his abusive filing practices – as outlined in Exhibit A attached to this report and recommendation. Additionally, the plaintiff's allegations of being in a concentration camp and that Judge Coggins should look for a new career (if he is not arrested based on the plaintiff's statements), clearly lack a basis in law or fact. *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). As such, the instant matter should be summarily dismissed.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022)

(published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the last page.**

       **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

July 25, 2025
Greenville, South Carolina

**EXHIBIT A**

*Holtzclaw v. State of S.C., et al.*, C/A No. 6:25-cv-08271-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. John Doe Emp. 1, et al.*, C/A No. 6:25-cv-08185-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Johnson*, C/A No. 6:25-cv-08184-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Lewis*, C/A No. 6:25-cv-08183-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. U.S. Dist. Ct.*, C/A No. 6:25-cv-08182-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Entire Guard Staff of Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-08091-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. The Med. Team of Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-07927-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Morkowski, et al.*, C/A No. 6:25-cv-07652-DCC-KFM (D.S.C.) (pending)

*Holtzclaw, et al. v. Bodiford*, C/A No. 6:25-cv-07651-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Stopp*, C/A No. 6:25-cv-07501-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Greenville Cnty. Sheriff's Dep't, et al.*, C/A No. 6:25-cv-07500-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Stokes, et al.*, C/A No. 6:25-cv-07499-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Greenville Cnty., Inc.*, C/A No. 6:25-cv-06897-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. John Doe, et al.*, C/A No. 6:25-cv-06447-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Devlin*, C/A No. 6:25-cv-04124-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Coggins*, C/A No. 6:25-cv-03974-TMC-KFM (D.S.C.) (pending)

*Holtzclaw v. Detective Nunez*, C/A No. 6:25-cv-03973-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. British Broad. Co. of Am.*, C/A No. 6:25-cv-03972-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Grover*, C/A No. 6:25-03971-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Reed*, C/A No. 6:25-cv-03764-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. John Doe of the Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-03763-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Bank of Am.*, C/A No. 6:25-cv-03757-JDA-KFM (D.S.C.) (pending)

*Holtzclaw v. White*, C/A No. 6:25-cv-03756-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. McDonald*, C/A No. 6:25-cv-03521-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. U.S. Dist. Att'y of S.C.*, C/A No. 6:25-cv-03520-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. U.S. Dist. Ct.*, C/A No. 6:25-cv-03519-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Guard Staff of Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-03396-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Earl*, C/A No. 6:25-cv-03302-JDA-KFM, at doc. 13 (D.S.C.) (dismissed for failure to pay the filing fee)

*Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Upstate Props., et al.*, C/A No. 6:25-cv-02906-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Upstate Props.*, C/A No. 6:25-cv-02615-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Med. Staff of Greenville Cnty. Det. Ctr., et al.*, C/A No. 6:25-cv-01414-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. United States*, C/A No. 6:25-cv-01413-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. State of South Carolina*, C/A No. 6:25-cv-01371-DCC, 2025 WL 1708108 (D.S.C. June 18, 2025) (dismissing case and entering prefiling restrictions against the plaintiff)

*Holtzclaw v. John Doe 1 Spinx Employee, et al.*, C/A No. 6:25-cv-01294-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Judge Brown, et al.*, C/A No. 6:25-cv-01066-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Bodiford*, C/A No. 6:25-cv-1033-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Dr. Martin*, C/A No. 6:25-cv-00893-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Leonard, et al.*, C/A No. 6:25-cv-00849-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Horton, et al.*, C/A No. 6:25-cv-00802-DCC-KFM (D.S.C.) (pending

*Holtzclaw v. Dir. Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-00723-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Pittman, et al.*, C/A No. 6:25-cv-00025-DCC, 2025 WL 892977 (D.S.C. Mar. 24, 2025) (dismissing civil action as duplicative and pursuant to 28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations of his rights by individuals involved in prior Bankruptcy and Family Court matters)

*Holtzclaw v. Morgan, et al.*, C/A No. 6:24-cv-07562-DCC, 2025 WL 896851 (D.S.C. Mar. 24, 2025) (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Bankruptcy and Family Courts)

*Holtzclaw v. Warden Greenville Cnty. Det. Ctr.*, C/A No. 6:24-cv-07496-DCC-KFM (D.S.C. Mar. 24, 2025) (dismissing habeas action) (appeal pending)

*Holtzclaw v. City of Greer, et al.*, C/A No. 6:24-cv-04026-DCC, 2024 WL 4608025 (D.S.C. Oct. 29, 2024) (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Greer Municipal Court, the Bankruptcy Court, and the Greenville Family Court)

*In re Holtzclaw*, C/A No. 20-03558-HB, at doc. 197 (Bankr. D.S.C. Dec. 1, 2022)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>250 East North Street, Room 2300
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).