# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-03974-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Donald C. Coggins, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Weldon Eugene Holtzclaw, Jr., proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Defendant Donald C. Coggins. (ECF No. 1). This year, Plaintiff has filed approximately forty separate actions, almost all of which are assigned to Defendant as the presiding district judge. (ECF No. 10 at 5–7). The instant lawsuit raises a number of random complaints related to Defendant's handling of these actions in his capacity as the presiding judge. For example, Plaintiff complains that the docket in one such case, *Holtzclaw v. Pittman et al.*, 6:25-cv-00025-DCC, reflects that the case has been closed despite the fact that he lodged an appeal in the Fourth Circuit—standard practice after a district court issues a final order and one of the parties perfects an appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Rucker v. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is

untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court.").  Plaintiff also is aggrieved by Defendant's application of "court rules" in light of his *pro se* status and his status as a "natural citizen of S.C."  (ECF No. 1 at 1).  Plaintiff asserts that Defendant improperly "refused to honor my rights under [the] ADA" and opines that Defendant's text order amounted to perjury in *Holtzclaw v. Burris et al.*, 6:24-cv-07496-DCC at dkt. #45.  (ECF No. 1 at 2).  For all of these alleged grievous infractions by Defendant, Plaintiff seeks to have this court toll the deadlines in all of his cases and then identify, then grant, "whatever rights [are] afforded to me under constitutional law" in all of his cases.  *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling.  The magistrate judge issued a Report and Recommendation ("Report"), finding that "[t]he plaintiff's allegations in this action all involve Judge Coggins' role as presiding judge in civil cases filed by the plaintiff in this court."  (ECF No. 10 at 3).  Noting that "[i]t is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction," (ECF No. 10 at 3 (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978)), and that "[i]mmunity applies even when the judge's acts were in error, malicious, or in excess

of their authority," *id*. (citing *Mireles*, 502 U.S. at 12), the magistrate judge concluded "judicial immunity squarely applies and the plaintiff's § 1983 claims against Judge Coggins should be dismissed," *id*. Accordingly, the magistrate judge recommended the court, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismiss the action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 10 at 3–4).

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"

*Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to

'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

Plaintiff filed a "motion to appeal Document 10," (ECF No. 12 at 4–5), which the court construes as timely objections to the Report.  A substantial portion of Plaintiff's objections consist of general non sequiturs that do not relate to the dispositive portions of the Report.  To the extent the court discerns discrete, relevant objections to the Report, the court finds no reason to deviate from the Report.  Furthermore, the court agrees with the magistrate judge that Plaintiff's claims asserted in this action are utterly frivolous and clearly lack any basis in law or fact.

## Conclusion

The court has carefully conducted a *de novo* review of the Report and record. The court agrees with the findings, conclusions and recommendations of the magistrate judge and, therefore, **ADOPTS** the magistrate judge's Report (ECF No. 10), which is incorporated herein.  Accordingly, this action is **DISMISSED.**[1]

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

---

[1] Although Plaintiff included the term "habeas corpus" in his objections, the court concludes that the magistrate judge correctly construed this action as one brought pursuant to § 1983.

Anderson, South Carolina
August 11, 2025

## NOTICE OF RIGHT TO APPEAL

**The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**